UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X

JASON HOLLOWAY, : Index No.:

        Plaintiff, :

        -against- : **VERIFIED COMPLAINT**

DERMOT F. SHEA, in his official capacity as the :
Commissioner of the New York City Police
Depart

        Defendant. : JURY TRIAL DEMANDED
------------------------------X

Plaintiff JASON HALLOWAY, by his attorneys LEONARD ZACK & ASSOCIATES, brings this action against DERMOT F. SHEA As commissioner of the New York City Police Department.

## INTRODUCTION

1. Plaintiff commences this action seeking recovery for monetary damages suffered due to the improperly charged of the Police Benevolent Association's ("PBA") collective bargaining agreement with New York City ("NYC") entered into between the PBA and NYC on or about 2017.

2. It is also my believe that Police Commissioner DERMOT F. SHEA, who is a white man, discriminated against a black man by preparing a false document erroneously substantiating why he terminated JASON HOLLOWAY, as Police Officer of the New York Police Department against JASON HOLLOWAY, and many others by not paying earned pension monies to police officers after twenty (20) years of service.

Specially, the statement he filed to prevent a proper review of JASON HOLLOWAY, history is full of false statements, many which were not substantiating as they were totally false. Please see **Exhibit "4"**.

3. Plaintiff seeks a return to active duty at this time, and award of back pay since he was wrongfully terminated affective on the 26th day of October 2020. Bernard Kerik, a former Police Commissioner hired JASON HOLLOWAY, as a New York Police Department officer, until the date he was terminated by Commissioner DERMOT F. SHEA. Plaintiff, JASON HOLLOWAY, never had a complaint filed against him, and was never charged with a compliant of excessive force.

## JURISDICTION AND VENUE

4. Jurisdiction is based upon violations of the Civil Rights Acts. Venue is proper in the State of New York, because that is where Commissioner DERMOT F. SHEA of the New York Police Department is a citizen of, as is JASON HOLLOWAY, pursuant to the Civil rights Act of 1964 Section 2000e-2. Venue for this action is proper in the County of Manhattan. Both parties are New York City residents. Title VII of the Civil Rights Act of 1964 prohibits the discharge of "any individual" because of "such individuals' race" section 703 (a) (1), 42 U.S.C. Section 2000e-2 (a) (1). McDonald v. Santa Fe Trail Trans. Co., 427 U.S.273, 278, 96 S. Ct. 2574, 2578, 49 L. Ed. 2d 493, 500, 1976

5. To fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

6. To limit, segregate, or classify his employees or applicants for employment in any wat which would deprive or tend to deprive any individual of employment opportunities or other

adversely affect his status as an employee, because of such individual's race, color, religions, sex, or national origin.

## PARTIES

7. JASON HOLLOWAY is an individual who resides in New York, NY. Plaintiff joined the NYPD on September 28, 2000. He worked as an officer from 2000 to 2020 until he was terminated by Defendant.

8. Upon information and belief, DERMOT F. SHEA is an individual who resides in New York, NY. Defendant was appointed NYPD Commissioner in December 2019.

## STATEMENT OF FACTS

9. Effective 28th Day of September, 2000, Howard Safir, hired JASON HOLLOWAY as an NYPD officer.

10. The terms of Plaintiff's employment are memorialized in the PBA's collective bargaining agreement with NYC (hereinafter, the Agreement), which was executed on or about 2017. Attached hereto as **Exhibit "1"** is a true and correct copy of the Agreement.

11. Plaintiff was appointed to the Department in September 28, 2000. On his last three annual performance evaluations, he twice received 3.5 overall ratings of "Highly Competent/Competent" for 2015 and 2016 and received a 4.0 overall rating of "Highly competent" for 2014.

12. In 2015 and 2016, Commissioner William Bratton selected him to be a field training officer and I trained 150 officers.

13. Plaintiff has been awarded two metals for Excellent Police Duty.

14. Plaintiff has been awarded two metals for Meritorious Police Duty highly competent for 2014, 2015, and 2016.

15. The Agreement expressly provides as follows: I was elected as a PBA Delegate in 2014 by the Police Officers in the 88th Precinct.

16. In the years of 2014, 2015, 2016, 2017, 2018, Plaintiff JASON HOLLOWAY, trained 36 officers a year, a total of 180 officers. In addition, Plaintiff made 280 arrests.

17. On October 23, 2020 Defendant terminated JASON HOLLOWAY's employment effective October 23, 2020. Defendant's alleged reason for the termination was Plaintiff's involvement in an alleged domestic abuse incident in 2018.

18. The Defendant's termination of JASON HOLLOWAY's employment was a breach of the Agreement because Plaintiff's termination did not abide by the disciplinary matrix established by the NYPD in 2020 nor did it abide by the disciplinary structure which proceeded the NYPD's 2020 disciplinary matrix.

19. Defendant terminated JASON HOLLOWAY employment in recognition of the fact that JASON HOLLOWAY, would have be entitled to the $5,000.00, each month bonus/full medical benefits, plus a various supplement in the amount of $10,000.00, per annual for life, had his employment continued until October 28, 2020.

20. Defendant also indicated that it would not be paying JASON HOLLOWAY's pension for termination as well as any severance pay claiming that JASON HOLLOWAY had been terminated for cause.

21. However, Defendant's reason for terminating JASON HOLLOWAY's employment does not meet the cause standard under the Agreement. Instead, Plaintiff's termination evidences

disparate treatment. Specifically, Plaintiff was terminated in contravention of both the NYPD's pre-2020 disciplinary structure and its 2020 disciplinary matrix. Prior to 2020, penalties imposed on officers for disciplinary charges were based on disciplinary authorities' qualitative analysis of the incident in question, aggravating factors, mitigating factors and other material aspects. This structure was revamped in response to the disparity in punishment some officers received for committing the same offense. Under this standard, Plaintiff was disparately affected. In 2018, the majority of officers involved in domestic violence incidents were put on suspension with an opportunity for reinstatement after this probationary period; no officers were terminated for domestic incidents. However, even if Plaintiff was terminated under the 2020 matrix, he was still improperly terminated. Under the matrix, domestic abuse incidents do not provide grounds for termination of an officer unless said officer had a pre-existing record of involvement in domestic violence incidents or their perpetration of a domestic violence incident occurred. There is no evidence Plaintiff satisfied either of these factual predicates. Plaintiff, JASON HOLLOWAY, in his career as a Police Officer made 280 arrests. There has never been a civilian complaint filed against plaintiff, JASON HOLLOWAY, and, has never been accused of excessive force. Please see **Exhibit "2"**.

### AS AND FOR A FIRST CAUSE OF ACTION – BREACH OF CONTRACT

22. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 14, as if fully set forth herein.

23. Plaintiff performed his obligations under the Agreement. Defendant did not. Defendant did not pay Plaintiff all of the compensation he was entitled to pursuant under the terms of the Agreement with the PBA.

25. Plaintiff is entitled to the 53,000.00, in salary payments, plus medical benefits, and compensation for improper for pain and suffering, as well lost earnings from the date of separation to the present time at the rate of $130,000.00 a year, plus overtime in the amount of $25,000.00.

26. That by reason of the foregoing breach of contract, plus continuing interest accruing from and after the date of the breach through the date that Defendant's obligation is satisfied in full, which is the amount justly due and owing to the Plaintiff, plus reasonable attorneys' fees and costs and expenses in the amount of $17,500.00.

## AS AND FOR A SECOND CAUSE OF ACTION – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

27. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 14, as if fully set forth herein.

28. Defendant's conduct as alleged above constitutes a breach of the covenants of good faith and fair dealing implied but not expressly written in every contract. This covenant also requires that neither party to a contract will do anything that injures the right of the other to receive the benefits of the contract.

29. As part of the covenants of good faith and fair dealing, it is implied that Defendant entered into the Agreement with the intent to abide by the promises set forth therein.

30. As part of the covenants of good faith and fair dealing, it is implied that Defendant would not terminate Plaintiff's employment to avoid the promises set forth therein.

31. As set forth above, Defendant breached the implied covenants of good faith and fair dealing.

32. Defendant's wrongful actions serve as a willful and intentional deception and misrepresentation not expressed by, reserved in, and/or otherwise contemplated by the written terms and conditions of the Agreement.

33. As a direct and proximate result of the Defendant's breach of the implied covenants of good faith and fair dealing, Plaintiff has been damaged in an amount to be determined at trial, together with costs, interest and attorneys' fees and back pay.

## AS AND FOR A THIRD CAUSE OF ACTION – VIOLATION OF NEW YOR LABOR LAW §193

34. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 14, as if fully set forth herein.

35. Defendant is an employer within the meaning of New York Labor Law § 190(3).

36. Plaintiff is an employee within the meaning of New York Labor Law § 190(2).

37. Pursuant to the terms of the Agreement, Plaintiff's compensation constitute wages within New York Labor Law § 190(1).

38. Defendant violated New York Labor Law § 193 by willfully withholding Plaintiff's wages.

39. As a result of the foregoing, Plaintiff has been damaged in an amount to be determined at trial, plus continuing interest accruing from and after the date of the breach through the date that Defendant's obligation is satisfied in full, which is the amount justly due and owing to the Plaintiff, plus reasonable attorneys' fees and costs and statutory damages.

## AS AND FOR A FOURTH CAUSE OF ACTION – 42 U.S.C. § 1983: Equal Protection

## AS AND FOR A FOURTH CAUSE OF ACTION –

### 42 U.S.C. § 1983: Equal Protection

40. Plaintiff realleges and incorporates the allegations set forth in the preceding paragraphs as though fully set forth here.

41. Plaintiff's termination on its face violates the Equal Protection Clause of the Fourteenth Amendment. Specifically, but not exclusively, the Plaintiff's termination evidenced disparate treatment between himself and other officers involved in violence incidents.

42. Defendant singled out Plaintiff as a distinct 'class-of-one' when Plaintiff was terminated for actions which resulted in relatively more lenient punishments for similarly-situated officers. These similarly-situated officers form a larger, distinct class apart from the Plaintiff.

43. Defendant has no compelling interest justifying the creation of these separate classes and cannot show that these classifications are necessary to serve any legitimate governmental interest.

44. In December 2019, Sargent Puello, told officer Eliav, "I will make sure officer HOLLOWAY, will not get his pension in Six (6) months."

## AS AND FOR A FIFTH CAUSE OF ACTION – RACIAL DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

45. Plaintiff realleges and incorporates the allegations set forth in the preceding paragraphs as though fully set forth here.

46. Plaintiff is a racial minority and qualified for his position when Defendant terminated him.

47. In addition, Defendant marginalized JASON HOLLOWAY while treating similarly situated employees more favorably. Specifically, Plaintiff's involvement in a domestic incident resulted in termination by Defendant. Similarly situated employees involved in domestic incidents were not outright terminated as Plaintiff was.

48. JASON HOLLOWAY suffered damages as a result of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

49. Defendant intentionally violated JASON HOLLOWAY'S rights under Title VII, with malice or reckless indifference, and, as a result, is liable for punitive damages.

**WHEREFORE**, JASON HOLLOWAY respectfully requests judgment as follows:

A. On the First Cause of Action, awarding damages in favor of JASON HOLLOWAY in an amount to be determined at trial, but in no event less than $100,000.00, plus interest/attorneys' fees/costs **OR** plaintiff back pay from the date of termination.

B. On the Second Cause of Action, awarding damages in favor of JASON HOLLOWAY, in an amount to be determined at trial, but in no event less than $250,000.00, plus interest/attorneys' fees/costs **OR** reinstatement with back pay.

C. On the Third Cause of Action, awarding damages in favor of JASON HOLLOWAY, in an amount to be determined at trial, but in no event less than $100,000.00, plus interest/attorneys' fees/costs and reinstatement as a law abiding police officer.

E. On the Fifth Cause of Action, reinstatement of the Plaintiff to a position comparable to his former position.

F. Granting JASON HOLLOWAY such other and further relief as the Court deems just and proper.

Dated: January 15, 2021
NEW YORK, NY

Respectfully submitted,
LEONARD ZACK & ASSOCIATES

_____
Leonard Zack, Esq.
*Attorneys for Plaintiff*
501 Madison Avenue, Suite 803
New York, NY 10022
Ph:212-754-4050